The Fort Worth & Denver City Railway Company
v. A. S. Johnson.

No. 901.

**Practice—Improper Argument of Counsel to Jury.**—Where counsel for plaintiff, in his closing argument, uses language calculated to arouse passion, and also makes himself a witness before the jury as to matters foreign to the record, and of a damaging character to the defendant, a judgment by such means in part obtained will be reversed.

Appeal from the County Court of Wichita. Tried below before Hon. W. P. Skeen.

Appellee brought this suit for a balance of salary and ticket commissions due him for services as railroad station agent. Defendant reconvened for loss caused by plaintiff's negligent management, and showed

that he was short in his accounts in a large sum. The judgment was in favor of plaintiff for the amount of his claim.

In his closing argument to the jury, appellee's counsel used the following language: "The Fort Worth & Denver City Railway Company is hounding and persecuting Johnson, and are determined to down him at all hazards. They have hounded and persecuted him continually since this thing occurred. It looks like there should be an end to these things. They have persecuted and hounded this man. This matter should be stopped. Plaintiff was tried and acquitted by a jury of his country, yet they still keep hounding and following him up in the courts."

*Stanley, Spoonts & Meek* and *J. H. Davenport*, for appellant.—The court erred in permitting appellee's counsel to depart from the record in his argument, and indulge in the improper appeal to the passions and prejudices of the jury. Dist. Ct. rule 39, Sayles' Civ. Stats., App., 5; Railway v. Jarrel, 60 Texas, 268; Railway v. Garcia, 62 Texas, 285; Heidenheimer v. Thomas, 63 Texas, 287; Railway v. Irvin, 64 Texas, 259; Sinclair v. Stanley, 69 Texas, 727.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The bills of exception 1 and 2 show such a flagrant and persistent violation of the rule on the part of counsel in the closing argument as to require that the judgment, by that means in part obtained, be reversed.

The language employed was not only calculated to arouse passion, but counsel made himself a witness before the jury as to matters foreign to the record, and of a damaging character. We are of opinion that the evidence thus imported into the jury box, and emphasized by the vigorous language of counsel, must have had some weight in the decision of the case.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 1, 1893.